E. C. GRADY, Appellant, v. BLUE LINE TRANSFER & STORAGE COMPANY, Appellee.

WAREHOUSEMEN: Injury to Property—Applicability of Evidence.

1   In a two-count action against a warehouseman for neglect in the care of the property, testimony tending, under one count, to show neglect in carrying out a *special agreement* as to the care of the property may also be admissible in prima-facie support of the second count, based on the warehouseman's *statutory · duty;* and in such case it would necessarily be error to dismiss the said second count, for want of evidence.

**WAREHOUSEMEN:**    Negligence—Presumption.    The presumption of negligence on the part of a warehouseman who receives personal property in good condition and redelivers it in a damaged condition, applies only when the property is of such a nature that loss or damage cannot ordinarily occur without negligence.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

NOVEMBER 14, 1922.

. REHEARING DENIED FEBRUARY 17, 1923.   ·

ACTION against the defendant, as warehouseman, for damages for negligence in the storage of potatoes. The petition was in two counts: the first alleged special agreements, which were breached, to the damage of the plaintiff; the second count charged negligence as a warehouseman, in the care of plaintiff's potatoes. The trial court withdrew the second count, and submitted the case upon the first count alone. There was a verdict for the defendant, and judgment thereon. The plaintiff appeals. —*Reversed.*

*Frank J. Comfort, G. P. North,* and *F. H. Pollock,* for appellant.

*Clark & Byers,* for appellee.

EVANS, J.—On October 30, 1918, the plaintiff delivered to the defendant, for storage in defendant's warehouse, 2,146 bushels of potatoes. They continued in storage until March following, at which time they were in a greatly damaged condition. Plaintiff's first count alleged certain special agreements: That defendant agreed to erect false bottoms in the potato bins, so that the potatoes would not rest on the cement floor; that it agreed to pile the potatoes not to exceed four feet in height; that it agreed to protect the temperature against becoming too warm; that these agreements were all breached by the defendant; and that, as a result of such breach, the potatoes were damaged so as to become a total loss.

1. WAREHOUSE-
MEN: injury to
property: ap-
plicability of
evidence.

Under the second count of his petition, the plaintiff charged the delivery of the potatoes to the defendant for storage in good condition, and that, through the negligence of the defendant as a warehouseman, the goods were greatly damaged. Plaintiff introduced evidence tending to sustain the special agreement pleaded in the first count and the breach thereof, and that the damages sustained by plaintiff resulted from such breach. At the close of the evidence, the court withdrew from the consideration of the jury the second count, and submitted the case upon the first count alone.

The more serious question in the case as presented to us is whether the court properly withdrew from the jury the second count, and we turn first to that question. The rule of duty and liability of a warehouseman is set forth in Section 3138-a21 of the Supplement to the Code, 1913, as follows:

"A warehouseman shall be liable for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise, but he shall not be liable, in the absence of an agreement to the contrary, for any loss or injury to the goods which could not have been avoided by the exercise of such care."

A warehouseman is not an insurer of goods in storage, but he is charged with ordinary care in the protection of the same. The burden is upon the complaining plaintiff to show that his damages, if any, have resulted from the failure of the warehouseman to use such care. It is the argument for plaintiff that, inasmuch as he offered evidence of the good condition of his potatoes when he placed them in storage, and of their bad condition when he received them, this made a prima-facie case. That such a rule obtains in an appropriate case may be conceded; but we are not prepared to say that it is applicable to such a case as that before us, where the goods in storage are of such a perishable nature that they could and ordinarily would deteriorate, in the course of time, from inherent and natural causes. The rule contended for by the appellant applies only when the goods are of such a nature that loss or damage could not ordinarily occur without negligence; and plaintiff must bring himself within this condition, in order to render the rule available to him.

2. WAREHOUSE-MEN: negligence: presumption.

Plaintiff did introduce evidence tending to show that it is not proper or safe to store potatoes upon a cement floor, as was done in this case; and that it was not proper or safe to pile them in storage higher than four feet; and that some of the potatoes had sprouted, which could not have occurred if the temperature had not been maintained too warm; that these potatoes were piled as much as seven feet high. This line of proof was, of course, relevant in support of the allegations of the special agreements set forth in the first count. Were they any less relevant in support of the second count? Suppose a jury had failed to find that the special agreements pleaded were established. They were denied by defendant. It would yet be open to the plaintiff to recover upon the second count of his petition, if he could satisfy the jury that it was an improper method of storage to pile the potatoes upon a cement floor, or to pile them seven feet high, or that it was improper to maintain a temperature warm enough to permit the sprouting of the potatoes. Plaintiff also introduced evidence that the place of storage was not dry, but contained standing water underneath the potatoes. This evidence was relevant in support of each count of the petition. The second count being withdrawn by the court, no question of negligence was submitted to the jury, as distinguished from a breach of special agreement. If the jury failed to find that the special agreement existed, there could be no breach.

We see no escape, therefore, from the conclusion that the trial court erred in withdrawing from the jury the second count of the petition and the issue of negligence.

We see little occasion to review the record in other respects. The alleged breach of the special agreements and the alleged negligence are so closely related and interwoven in the evidence in the case that it would be very difficult to discuss one without prejudging the other. For the reason indicated, the judgment below must be reversed, and a new trial granted.—*Reversed and remanded.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.